■ JOHN H. JERAM et al., Appellants, v. NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Respondent.— Appeal by the plaintiffs from an order of the Special Term, Albany County, granting their motion for summary judgment in part and denying it in part. The action was brought upon a fire insurance policy in the amount of $15,000, $12,500 of which was allocated to a frame dwelling and $2,500 to a private garage on the premises. The policy also provided: "The Insured may apply up to ten per cent (10%) of the amount specified for the principal Dwelling item to cover private structures appertaining to the described dwelling and located on the premises, but not structures used in whole or in part for mercantile, manufacturing or farming purposes nor any structure rented or leased to other than a lessee of the described dwelling. This exclusion does not apply to buildings used exclusively for private garage purposes." The garage, valued at $5,000, was destroyed by fire. The defendant offered to pay the plaintiffs $2,500 under the provision of the policy insuring the garage in that amount but the plaintiffs demand an additional $1,250, under the provisions quoted above. The Special Term granted summary judgment for the plaintiffs in the amount agreed to by the defendant, but denied summary judgment for the additional $1,250. Since the case comes to us upon an appeal from a denial of summary judgment, we must take the version of the facts most favorable to the defendant for the purpose of the appeal. It must therefore be assumed that the plaintiff had used the garage for the storage of frozen foods intended for public sale, in a frozen food locker, as alleged by the defendant. Upon this assumed set of facts, the privilege of applying 10% of the dwelling insurance to the garage was not applicable. The appellants argue that the provision is self-contradicting,—that so long as a garage is being used exclusively for private garage purposes, it cannot be simultaneously used for mercantile, manufacturing or farming purposes and that therefore the last sentence could never be invoked to allow coverage of a garage despite its use for mercantile, manufacturing or farming purposes. Therefore, the appellants contend that in order to give meaning to the last sentence, it must be construed to read that the exclusion shall not apply to private garages, regardless of their use. This construction disregards the key words "used exclusively for private garage

purposes ". A private garage which is used for general mercantile purposes, unrelated to the ordinary uses of a private garage, is not being used exclusively for private garage purposes. The self-contradiction which the appellants find in the provision is more apparent than real. It is possible to use a garage exclusively for private garage purposes and still have some mercantile, manufacturing or farming use connected with it. For example, merchandise or machinery might be temporarily kept in an automobile which was in turn kept in the garage. Also, a farmer might keep his tractor in a private garage on his premises. This would be a use for farming purposes but still the garage would be used exclusively for private garage purposes. Furthermore, the exclusion clause refers not only to use of structures on the premises for mercantile, manufacturing or farming purposes but it also refers to the renting or leasing of any structure to one other than the lessee of the principal dwelling. The last sentence, with respect to buildings used exclusively for private garage purposes, can be readily applied in the situation last referred to. If one rents a separate building other than a garage to a person who is not the tenant of the principal dwelling, the 10% coverage is not applicable but if the building so rented is one used exclusively for private garage purposes, the 10% coverage is applicable. Order unanimously affirmed, with $10 costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.